UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HER OCEANS, | Case No. 1:21-cv-00198-DCN |
| Plaintiff, | **INITIAL REVIEW ORDER** |
| v. | |
| COMMUNITY OUTREACH BEHAVIORAL SERVICES, INC. | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Plaintiff Her Oceans' Complaint (Dkt. 2) and Application for Leave to Proceed *in forma pauperis* ("IFP") (Dkt. 1). Mrs. Frost, the registered agent for Her Oceans (a non-profit corporation registered in Idaho), files these motions *pro se.* These motions present a few preliminary issues the Court must address. First, can a corporation be represented by a non-attorney agent of the corporation? Second, can a corporation proceed IFP? And lastly, the Court must undertake an initial review of the Complaint to ensure it meets the minimum required standards.

The Court finds that Frost cannot represent Her Oceans. The Court also finds that corporations may not proceed IFP and therefore DENIES Her Oceans' Application to Proceed *in forma pauperis*. Additionally, in light of the Court's review of Her Oceans' Complaint, the Court DISMISSES this case without prejudice for failure to establish the grounds for the Court's jurisdiction as required under Rule 8 of the Federal Rules of Civil

Procedure. Nevertheless, the Court will provide leave for Her Oceans to obtain counsel and amend its complaint. If Her Oceans files an Amended Complaint, it will be allowed to pay the filing fee over time.

## II. DISCUSSION

### I. Representation of a corporation by a non-attorney

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. While § 1654 authorizes *pro se* litigation for individuals (natural persons), corporations are not natural persons; rather, they are artificial entities incapable of pleading or conducting their own cases. Overwhelmingly, courts have held that a corporation must be represented by an attorney. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel"). Additionally, "it is admitted that a corporation can only appear by attorney, and it is also admitted, that the attorney must receive the authority of the corporation to enable him to represent it." *Osborn v. Bank of U.S.*, 22 U.S. 738, 829, 6 L. Ed. 204 (1824). The rule requiring corporations to have counsel rather than to proceed in litigation pro se applies even if the corporation is a non-profit corporation. *See, Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales*, 474 F.Supp. 1133, 1141 (N.D.C. 2007).

Her Oceans is a corporation. Although Mrs. Frost is the registered agent of the corporation, she is not an attorney. Therefore, Mrs. Frost cannot represent Her Oceans in federal court. However, she can, as the agent for Her Oceans, seek out and hire, on behalf of Her Oceans, an attorney duly admitted to practice law before a federal court. [1]

## II.    Corporations and *in forma pauperis* proceedings

"An affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Rowland*, 506 U.S. 194, at 203. (cleaned up). The court in *Rowland* goes on the explain that poverty is "a human condition" and that "whatever the conditions of its treasury, an association or corporation cannot be said to lack the comforts of life." *Id*. (cleaned up). "Artificial entities may be insolvent, but they are not well spoken of as poor." *Id*. Corporations do not need food or shelter in order to survive; demanding payment simply cannot deprive an artificial entity of the "necessities of life." *See id.* at 206.

In the end, the *Rowland* court held that Congress did not intend the statute authorizing IFP to be applicable to artificial entities such as corporations like Her Oceans. *See id.* at 204–208. Therefore, the Court DENIES Her Oceans' Motion to Procced IFP.

## III.    Sufficiency of complaint

The Court is required to screen complaints brought by litigants who seek IFP status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint or any portion

---

[1] The Idaho State Bar website offers links and referral services for those seeking legal counsel. Additionally, the Idaho State Bar offers the "Volunteer Lawyer Program" for those who may not be able to afford an attorney. The program is intended to "assist Idahoans with civil legal issues[.]" *See* https://isb.idaho.gov/ilf/ivlp/legal-assistance/

thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). As a threshold matter, "A pleading that states a claim for relief must contain: a short plain statement of the grounds for the court's jurisdiction…" FRCP 8(a)(1).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, "this court cannot waive the requirement of subject matter jurisdiction…" *Simmons v. Revenue Officers, Steve Daniels, Keith Farrar & Cory Armstrong*, 865 F Supp. 678, 679 (D. Idaho 1994). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Therefore, Her Oceans must justify this Court's jurisdiction. There are two types of subject matter jurisdiction: diversity jurisdiction and federal question jurisdiction. Diversity jurisdiction exists "where the matter in controversy exceeds the sum of $75,000 …. and is between citizens of different states." U.S.C. 28 § 1332. Federal question jurisdiction exists when a matter arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

#### i.   Diversity Jurisdiction

To establish diversity jurisdiction, Her Oceans would need to show that the two parties in the case (Plaintiff and Defendant) are citizens of different states. There are no

facts stated in the claim that show a diversity of citizenship. That is to say, Her Oceans has failed to allege facts showing that Community Outreach Behavioral Services ("COBS") registered outside of Idaho. However, even if Her Oceans were to establish diversity, it would be rendered moot by the amount in controversy, which is $11,766.00, well short of the $75,000 required by 28§ 1332. *See* Dkt. 2-1. Accordingly, there is no diversity jurisdiction in the present case.

ii.   Federal Question Jurisdiction

Despite lack of diversity in this case, Her Oceans could still establish subject matter jurisdiction if it can show that its claim rests on an alleged violation of the Constitution, an alleged violation of *federal* law, or a violation of a treaty of the United States. *See* U.S.C. 28 § 1331. In its claim, Her Oceans proffers no violation of federal law, nor can the Court divine an apparent violation of federal law from the facts alleged. That is not to say there is no plausible wrongdoing alleged.[2] Taking the facts alleged as true, there was a breach of an implied contract. However, a breach of an implied contract is a violation of *state* law, not of *federal* law.[3]

If amending a complaint would remedy its deficiencies, courts should allow plaintiffs to do so. *See Jackson*, 353 F.3d at 758. Here, because Her Oceans may be able to state a claim upon which relief can be granted, the Court will allow Her Oceans an

---

[2] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

[3] Both quantum meruit (implied-in-fact contracts) and unjust enrichment (implied-in-law contracts) are "measures of equitable recovery." *Clayson v. Zebe*, 153 Idaho 228, 232, 280 P.3d 731, 735 (2012) (citing *Farrell v. Whiteman* (*Farrell I*), 146 Idaho 604, 612, 200 P.3d 1153, 1161 (2009)) (citing *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 132 Idaho 754, 767, 979 P.2d 627, 640 (1999)).

opportunity to amend its Complaint to establish jurisdiction by remedying the following deficiencies. First, Her Oceans must establish the Court's subject matter jurisdiction either through U.S.C. 28 § 1331 or § 1332. Since the amount in controversy is well below the threshold amount needed to establish diversity jurisdiction, Her Oceans will need to show federal question jurisdiction is applicable here. Thus, Her Oceans must plausibly show that COBS' action violated a specific federal law.

## III. CONCLUSION

While Her Oceans appears to have limited resources, it does have sufficient funds to pay the required filing fee over time. Additionally, upon review, the Court finds that Mrs. Frost cannot represent Her Oceans *pro se,* and that she must acquire council to represent Her Oceans. Furthermore, Her Oceans has not established the Court's jurisdiction. However, the Court will grant Her Oceans leave to obtain an attorney and to amend its complaint.

## IV. ORDER

1. Her Oceans Application for Leave to Proceed *In Forma Pauperis* (Dkt. 1) is DENIED. However Her Oceans need not prepay the fee *in full*; $100.00 per month must be paid to the Clerk of Court, on or before the last day of each month, with the first payment due on or before August 31, 2021, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule will result in the dismissal of this case without further notice.

2. Mrs. Frost may not represent Her Oceans in federal court. If Her Oceans chooses to refile its complaint, it must do so with proper legal counsel.

3. Her Oceans' Complaint (Dkt. 2) is deficient as it fails to establish the Court's jurisdiction as part of its efforts to state a claim upon which relief can be granted. The Complaint is therefore DISMISSED WITHOUT PREJUDICE. The Court GRANTS Her Oceans leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Her Oceans must file her Amended Complaint within sixty (60) days of the issuance of this Order.

4. Failure to obtain an attorney to represent Her Oceans or file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: July 27, 2021

David C. Nye
Chief U.S. District Court Judge

ORDER – 7